UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Zamirbek Nurov** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Complaint for Mandamus |
| V. | ) | and Other Relief |
| | ) | |
| **Pamela Bondi**, United States Attorney General; | ) | |
| | ) | Case No. |
| **Kristi Noem,** Secretary of the Department of | ) | |
| Homeland Security; | ) | |
| | ) | |
| **Angelica Alfonso-Royals,** Acting Director of | ) | |
| U.S. Citizenship and Immigration Services; and | ) | |
| | ) | |
| **Mirash Dedvukaj**, District Director of U.S. | ) | |
| Citizenship and Immigration Services | ) | |
| Chicago, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

NOW comes the Plaintiff, Zamirbek Nurov, by and through his attorney June J. Htun, of the Law Offices of June J. Htun in the above-captioned matter, and brings this action against the named Defendants to compel action on the unreasonably delayed processing of an I-602, Application for Refugee for Waiver Grounds of Inadmissibility Grounds, and I-485, Application to Register Permanent Residence or Adjust Status, filed by the Plaintiff, Zamirbek Nurov.

Defendants have failed to perform legally required non-discretionary ministerial actions to complete the processing of the properly filed I-602, Application for Refugee for Waiver Grounds of Inadmissibility Grounds, and I-485, Application to Register Permanent Residence or Adjust Status. The subject applications were filed and remain

1

pending within the jurisdiction of the Defendants for over one year (I-602) and over eight years and two months (I-485).

## JURISDICTION

1. Jurisdiction in this case is proper under 28 USC §§ 1391, 1361, 1331, 2201; 5 USC §701 et seq. and *Iddir v. Immigration & Naturalization Servs*., 301 F.3d 492, 499-500 (7th Cir.2002) (The relevant statutes and regulations confirm that the INS did have a duty to adjudicate the appellants' applications in a reasonable period of time").

2. This action falls under 5 U.S.C. § 551 *et seq* commonly referred to as the Administrative Procedures Act ("APA").

## VENUE

3. Venue is proper in this district, pursuant to 28 USC §1391(e). The Defendants are officers or employees of the United States or agencies of the United States acting in their official capacity. Plaintiff resides in this district and no real property is involved in this action. Furthermore, the events or omissions giving rise to the claim occurred in this district in that the Chicago District Office of the U.S. Citizenship and Immigration Services is responsible for processing the I-485, Application to Register Permanent Residence or Adjust Status and interviewing the Plaintiff.

## PARTIES

4. Plaintiff, Zamirbek Nurov, resides at 3950 North Lake Shore Drive, Apt. 1503, Chicago, Illinois 60613. He is the beneficiary of an approved I-589, Application for Asylum and Withholding of Removal, that was granted by the Honorable

2

Immigration Judge Terry A. Bain at the New York Immigration Court, on May 12, 2015. *See, Decision and Order of the Immigration Judge, dated May 12, 2015, attached hereto as Exhibit A.*

5.   Plaintiff, Zamirbek Nurov, filed form I-485, Application to Register Permanent Residence or Adjust Status with USCIS on March 23, 2017. *See, Copy of I-485, Application to Register Permanent Residence or Adjust Status, dated March 23, 2017, for Applicant,* Zamirbek Nurov, *I-797C, Notice of Action, I-485 Receipt Number LIN1790518576, attached hereto as Exhibit B.*

6.   On or about May 24, 2024, Plaintiff, Zamirbek Nurov, filed form I-602, Application for Waiver of Grounds of Excludability, in response to a Request for Evidence issued by USCIS. No receipt notice was ever issued by USCIS for form I-602, Application for Waiver of Grounds of Inadmissibility.

7.   Defendant, Pamela Bondi, is sued in her official capacity as the Attorney General of the United States. The Attorney General has the sole authority to approve immigrant visa petitions and adjust the status of person to that of permanent resident of the United States. See 8 U.S.C § 1255.

8.   Defendant, Kristi Noem is sued in her official capacity as the Secretary of the Department of Homeland Security, and this action is brought against her in her official capacity. She is generally charged with enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC § 1103(a). More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of Petitions for Alien Relative filed

3

pursuant to the Immigration and Nationality Act (INA). The U.S. Citizenship & Immigration Services is an agency within the Department of Homeland Security to whom the Secretary of the Department of Homeland Security's authority has in part been delegated and is subject to the Secretary of the Department of Homeland Security's supervision.

9. Defendant, Angelica Alfonso-Royals, is sued in her official capacity as the Acting Director of the U.S. Citizenship & Immigration Services (USCIS.) She is the official generally charged with supervisory authority over all operations of the USCIS with certain specific exception not relevant here. 8 CFR § 103.1(g)(2)(ii)(B).

10. Defendant, Mirash Dedvukaj is sued in his official capacity as the Acting District Director of the U.S. Citizenship and Immigration Services (USCIS.) He is the official specifically charged with supervisory authority over the Chicago District. He is responsible for the administration of the USCIS in the Chicago District pursuant to 8 C.F.R. §§ 310.2, 316.3.

## FACTS

11. On or about March 23, 2017, Plaintiff properly filed and applied for form I-485, Application to Register Permanent Residence or Adjust Status, pursuant to 8 CFR § 209.2. *See, Exhibit B.*

12. On May 17, 2017, Plaintiff appeared at USCIS Application Support Center for his biometrics appointment. *See, I-797C, Notice of Action, ASC Appointment Notice for form I-485, Application to Register Permanent Residence or Adjust Status,*

*dated April 28, 2017, for Applicant,* Zamirbek Nurov, *Receipt Number LIN1790518576, attached hereto as Exhibit C.*

13. USCIS never issued Plaintiff a Notice for an I-485 interview.

14. On or about August 7, 2023, USCIS issued a Request for Evidence for Plaintiff's pending I-485. However, Plaintiff never received the August 7, 2023 Request for Evidence. He became aware of the August 7, 2023 Request for Evidence by receiving notification from the United States Postal Services. *See, Case Status Online stating "On August 7, 2023, we sent a request for initial evidence for your Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt Number LIN1790518576" and United States Postal Service Notification with a scan of an envelope from USCIS, attached hereto as Exhibit D.*

15. In October of 2023, Plaintiff retained undersigned counsel, Attorney June J. Htun to represent him before USCIS. On October 20, 2023, Attorney Htun corresponded with Branch Chief Paul H. Phillips from USCIS Chicago District Office, informing him that the August 7, 2023 Request for Evidence was never received. *See, Email communications between Branch Chief Paul H. Phillips and Attorney Htun from October 20, 2023 – November 7, 2023, attached hereto as Exhibit E.*

16. On or about November 28, 2023, with the assistance of Branch Chief Phillips, the August 7, 2023 Request for Evidence was reissued to the Plaintiff. However, the August 7, 2023 Request for Evidence was issued asking for no additional evidence or information. *See, Request for Evidence issued by USCIS, dated August 7, 2023, attached hereto as Exhibit F.*

17. Plaintiff's counsel made several in person requests to discuss the erroneous Request for Evidence with various floor supervisors at USCIS Chicago District Office from November 29, 2023 – February 8, 2024.

18. On February 8, 2024, a new Request for Evidence was issued but again was deficient in that it failed to articulate what the underlying allegations of fraud were that necessitated the filing of form I-602, Application for Waiver of Grounds of Inadmissibility. This prohibited Plaintiff from adequately filing a response to the February 8, 2024 Request for Evidence. *See, Request for Evidence issued by USCIS, dated February 8, 2024, attached hereto as Exhibit G.*

19. On February 29, 2024, a third Request for Evidence was issued for Plaintiff's pending I-485, Application to Register Permanent Residence or Adjust Status. *See, Request for Evidence issued by USCIS, dated February 29, 2024, attached hereto as Exhibit H.*

20. On August 6, 2024, Plaintiff through undersigned counsel, received email confirmation from USCIS Supervisor Kevin J. Stasiek that Plaintiff's file was "routed.. to the appropriate floor." *See, Email communications between Supervisor Kevin J. Stasiek and Attorney Htun from August 6, 2024, attached hereto as Exhibit I.*

21. The Plaintiff has been greatly damaged by the failure of Defendants to act in accordance with their duties under the law.

    a) Specifically, Plaintiff, Zamirbek Nurov, has been unable to obtain legal permanent residency, and accrue time to be eligible for Naturalization as a citizen of the United States.

6

b) Furthermore, Plaintiff has experienced tremendous financial hardships due to the lack of legal permanent residency. As each day passes, both Plaintiff and his family are affected psychologically from the continuous stress of his lack of legal permanent residence status.

## EXHAUSTION OF REMEDIES

22. Plaintiff has exhausted his administrative remedies. The Plaintiff has submitted several status inquiries and has yet to receive a single meaningful response from these previously submitted status inquiry forms.

## CAUSE OF ACTION

I. **Plaintiff seeks a writ of mandamus under the Mandamus and Venue Act ("MVA") that would compel U.S. Citizenship and Immigration Services ("USCIS") to rule on his I-485, Application to Register Permanent Residence or Adjust Status and I-602, Application for Waiver of Grounds of Inadmissibility**

23. Plaintiff incorporates the forgoing paragraphs of this complaint.

24. Plaintiff seeks a writ of mandamus under the MVA that would compel USCIS to rule on his I-485, Application to Register Permanent Residence or Adjust Status and I-602, Application for Waiver of Grounds of Inadmissibility.

25. Defendant, USCIS did not process Plaintiff's applications with due regard for the convenience and necessity of the parties.

26. The delay by USCIS in processing Plaintiff's subject applications is not within a reasonable time, nor did the agency conclude the matter presented to it.

27. Plaintiff has a clear right to the relief sought.

28. The Defendants have a duty to perform the act in question; and

29. There is no other adequate remedy available. *Ahmed v. Dep't of Homeland Sec.*, 328 F.3d 383 (7th Cir.2003).

30. Plaintiff has been greatly damaged by the failure of Defendants to act in accordance with their duties under the law.

   a) Specifically, Plaintiff has been unable to obtain legal permanent residency and accrue time to be eligible for Naturalization as a citizen of the United States.

   b) Furthermore, as each day passes, Plaintiff is affected psychologically from the continuous stress of his lack of legal permanent residence status.

## II. Administrative Procedure Act- Plaintiffs seek to compel U.S. Citizenship and Immigration Services ("USCIS") to rule on his I-485, Application to Register Permanent Residence or Adjust Status and I-602, Application for Waiver of Grounds of Inadmissibility

31. Plaintiff incorporates the forgoing paragraphs of this complaint.

32. Here, the Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding action on the Plaintiffs' applications and have failed to carry out the adjudicative functions delegated to them by law with regards to Plaintiff's case.

33. Though the role of Defendants is pivotal in securing the civilians of the United States of America from people planning to do harm on American soil, the Defendants' actions in adjudicating the Plaintiff's case have clearly gone beyond the normal processing time of fifteen and a half months.

34. The adjudicator has failed to timely approve the applications. See 8 U.S.C. § 1154.

8

35. The USCIS does not have the discretion to not make any decision *at all* on Plaintiff's Applications.

36. The USCIS has failed to make a decision *at all* on Plaintiff's Applications.

## CONCLUSION

The Defendants have failed to properly adjudicate these underlying applications. They have failed to adhere to their own regulations and have improperly delayed the processing of the Plaintiff's I-485, Application to Register Permanent Residence and I-602, Application for Waiver of Grounds of Inadmissibility after the Plaintiff submitted and properly executed the applications. It has been eight years, and two months in that Defendants have arbitrarily and improperly delayed the continued processing of the Plaintiff's I-485, Application to Register Permanent Residence or Adjust Status and one year of the I-602, Application for Waiver of Grounds of Inadmissibility. Defendants' delay in this case is, as matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately refused to adjudicate the applications, thereby depriving the Plaintiff of the rights to which the Plaintiff is entitled.

## PRAYER

WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that:

        (a) The Court compel Defendants and those acting under them to perform their duty to properly adjudicate Plaintiff's I-602, Application for Waiver of Grounds of Inadmissibility and I-485, Application to Register Permanent Residence or Adjust Status;

(b) The Court grants such further relief at law and in equity as justice may require, including attorney fees and costs of this action, as may be just, lawful, and equitable.

Filed: June 10, 2025

Respectfully Submitted,

__/s/ *June J. Htun*_____

June J. Htun, Esquire
Attorney for Petitioner,
3643 West Belmont Avenue
Chicago, Illinois 60618
P: 773-362-5000
F: 773-362-5005
june@htunlaw.com